## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT MUNRO and CHARLES MILLER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TEN OAKS MANAGEMENT, LLC and TOG FAS HOLDINGS LLC, <br><br> Defendants. | C.A. No. 1:24-cv-01041 GBW <br><br> JURY TRIAL OF TWELVE DEMANDED |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, FOR <u>BIFURCATED, EXPEDITED DISCOVERY</u>**

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Paul S. Seward*
Paul S. Seward (#6381)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
Tel: (302) 574-7406
pseward@eckertseamans.com

-and-

**BRACEWELL LLP**
Kelly Robreno Koster*
Deryck R. Van Alstyne*
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
Tel: (713) 221-1362
kelly.koster@bracewell.com
deryck.vanalstyne@bracewell.com

*\*Admitted pro hac vice*

*ATTORNEYS FOR DEFENDANTS TEN OAKS MANAGEMENT, LLC AND TOG FAS HOLDINGS LLC*

## **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION. ...........................................................................................................1

II. ARGUMENT ...................................................................................................................2

    a. Plaintiffs Erroneously Rely Upon Distinguishable Case Law. .....................................2

    b. Plaintiffs' Opposition Fails to Address Defendants' Specific Arguments ....................3

    c. Plaintiffs Cannot Add New Facts or Documents Outside the Complaint .....................5

    d. Plaintiffs Fail to Rebut the Need for Bifurcated, Expedited Discovery ........................6

III. CONCLUSION.................................................................................................................9

## TABLE OF CITATIONS

**CASES**                                                                                                                                          **PAGE**

*Ashcroft v. Iqbal*,
   566 U.S. 662 (2009).................................................................................................2

*Barkes v. First Correctional Medical*,
   No. 06–104–JJF–MPT, 2010 WL 1418347, at *2-3 (D. Del. Apr. 7, 2010) ...............3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................2

*Chaney v. Vermont Bread Co.*, No. 2:21-CV-120, 2023 WL 5432264
   (D. Vt. Aug. 23, 2023) ........................................................................................1, 2

*Fowler v. UPMC Shadyside*,
   578 F.3d 203, 211 (3d Cir. 2009) ...........................................................................5

*Freedman v. Redstone*,
   No. CV 12-1052-SLR, 2013 WL 3753426 (D. Del. July 16, 2013)
   *aff'd*, 753 F.3d 416 (3d Circ. 2014) .........................................................................3

*Gillis v. Harrisburg Educ. Ass'n*,
   No. 1:16-CV-2067, 2016 WL 8252573, at *6 (M.D. Pa. Dec. 21, 2016),
   *report and recommendation adopted,* No. 1:16-CV-2067, 2017 WL 551978
   (M.D. Pa. Feb. 10, 2017) .....................................................................................3, 4

*In re Consolidated Bedding*,
   432 B.R. 115 (Bankr. D. Del. 2010) ........................................................................4

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192, 1196 (3d Cir. 1993) ........................................................................5

**STATUTES**

29 U.S.C. § 2101 *et seq.*........................................................................................ *passim*

**COURT RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................6

I.       **INTRODUCTION**

Plaintiffs' opposition attempts to craft a compelling narrative for "single employer" liability under the Worker Adjustment and Retraining Notification (WARN) Act, but their assertions fail to address Defendants' arguments and mischaracterize both the law and the facts. Plaintiffs' repeated assertion that Defendants are a single employer with US Logistics Solutions (USLS), without more, does not make it so. Plaintiffs' opposition ignores critical distinctions that demonstrate Ten Oaks Management and TOG FAS Holdings (the "Defendants") are separate entities from USLS and, therefore, not subject to WARN Act liability. Plaintiffs also fail to adequately rebut Defendants' arguments for bifurcated discovery.

First, Plaintiffs rely heavily on *Chaney v. Vermont Bread Co.*, but this case is procedurally and factually distinct. No. 2:21-CV-120, 2023 WL 5432264 (D. Vt. Aug. 23, 2023). In *Chaney*, the Court granted *summary judgment* based on extensive evidence of direct private equity control, which Plaintiffs have not, and cannot, adequately allege here.

Second, Plaintiffs' opposition fails to address the significant factual deficiencies in their Complaint. They reassert conclusory allegations without distinguishing Defendants' cited cases or responding to arguments that their pleadings are insufficient under *Iqbal* and *Twombly*. Plaintiffs improperly lump all their factual assertions under the "de facto control" prong while failing to plead facts supporting the other four WARN Act single employer factors.

Plaintiffs' pleading deficiencies continue: They focus, unsuccessfully, on establishing that Ten Oaks and USLS are a single employer while neglecting to address the role of TOG FAS Holdings; they misstate the role of Andrew Lovrovich and fail to allege his actions were conducted on behalf of USLS, not Ten Oaks or TOG FAS Holdings. Plaintiffs also attempt to equate *communication* of the closure of USLS with the *decision* to close USLS, which is not supported by the pleaded facts.

1

Third, Plaintiffs cannot now add new facts or documents not pleaded in their Complaint. Unlike Plaintiffs, Defendants have only incorporated publicly filed and sworn documents subject to judicial notice.[1] Any alleged new facts or extrinsic evidentiary support first alleged in Plaintiffs' Opposition should be disregarded.

Lastly, Plaintiffs have not pointed to any availing reason why, should this matter survive Defendants' Motion to Dismiss (D.I. 5-6) ("Motion"), discovery should not be expedited and limited to the "single employer" issue. Discovery on the "single employer" issue is both legally separable and necessary to avoid burdening Defendants with extensive and unnecessary litigation.

## II.  ARGUMENT

### a. Plaintiffs Erroneously Rely Upon Distinguishable Case Law.

Plaintiffs cite *Chaney*, an unreported district court decision from the District of Vermont, to argue that "if the private equity business makes the decision—exerting control without maintaining an arms' length relationship—then there is single employer liability." (D.I. 12 at 4). However, the cited *Chaney* opinion is a summary judgment decision wherein the court relied on extensive evidence that the private equity owners: (1) disregarded corporate formalities; (2) held controlling ownership; and (3) directly ordered the plant closure. None of these facts are adequately pleaded here.

Plaintiffs ignore the procedural distinction between this case and *Chaney*. Unlike the detailed evidentiary record in *Chaney*, Plaintiffs' allegations here are limited to conclusory statements that lack factual support. It is well-settled that "threadbare recitals of the elements" and "labels and conclusions" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Chaney* is neither

---

[1] Plaintiffs do not contest that the Court can take judicial notice of these documents.

controlling nor analogous to the facts and posture of this case. Plaintiffs' reliance on it is misguided.

### b. Plaintiffs' Opposition Fails to Address Defendants' Specific Arguments.

Plaintiffs' opposition merely rehashes the Complaint's conclusory allegations without addressing the substantive pleading deficiencies identified in Defendants' Motion or distinguishing Defendants' cited cases. Although Defendants' Motion details how Plaintiffs' Complaint fails to satisfy each of the five "single employer" factors, Plaintiffs' opposition focuses only on the *de facto* control prong. However, even Plaintiffs' arguments for *de facto* control are insufficient. For example, Plaintiffs allege that Ten Oaks "made the decision" to close USLS but provide no facts connecting this allegation to day-to-day operational control. Instead, they conflate all of the facts allegedly supporting the five "single employer" factors into their *de facto* control argument, which is inconsistent with how these factors were presented in the Complaint. This approach essentially amounts to repleading the Complaint without formally amending it. As only the allegations contained in the Complaint—and not those in the briefing—are to be considered on a motion to dismiss, Plaintiffs' attempt to alter the Complaint's "factual" allegations which support their *de facto* control argument is improper and should be rejected. *See Freedman v. Redstone*, No. CV 12-1052-SLR, 2013 WL 3753426, at *7 n.7 (D. Del. July 16, 2013), *aff'd*, 753 F.3d 416 (3d Cir. 2014) ("[T]he court can only consider the well-pleaded factual allegations set forth in the complaint, not allegations raised in briefing."); *Barkes v. First Correctional Medical*, No. 06–104–JJF–MPT, 2010 WL 1418347, at *2-3 (D. Del. Apr. 7, 2010) (rejecting plaintiffs' argument to consider additional allegations stated in plaintiffs' brief opposing motion to dismiss); *see also Gillis v. Harrisburg Educ. Ass'n*, No. 1:16-CV-2067, 2016 WL 8252573, at *6 (M.D. Pa. Dec. 21, 2016), *report and recommendation adopted*, No. 1:16-CV-2067, 2017 WL 551978 (M.D. Pa. Feb.

3

10, 2017) ("It is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion.").

Plaintiffs' inappropriate "repleading" continues with their inaccurate recitation of the alleged corporate history of USLS. Contrary to the revisionist history on page 5 of Plaintiffs' opposition, Ten Oaks Management *never purchased or owned any percentage of USLS*. Rather, on February 12, 2021, Forward Air Corporation sold the equity in its subsidiary, Forward Air Solutions, Inc., to TOG FAS Holdings, LLC. Forward Air Solutions then changed its name to US Logistics Solutions Inc.

Plaintiffs also conflate the communication of USLS's closure with the decision to shut it down, ignoring the critical distinction between the two as only the latter suggests control. Their heavy reliance on allegations such as "Lovrovich conducted conference calls to announce the immediate closure of USLS" (*see* D.I. 12 at 8) is perplexing as this allegation does not establish any of the five factors, including *de facto* control. This allegation shows only that Mr. Lovrovich communicated the closure to USLS managers after the decision to shut down the facilities had already been made. Communicating the closure is not equivalent to making the decision to close USLS.

Plaintiffs' argument that Mr. Lovrovich "was not given a USLS hat" is also contradicted by the USLS bankruptcy petition that Mr. Lovrovich signed as Chairman of USLS. Plaintiffs have entirely failed to allege specific facts supporting their claim that Lovrovich acted on behalf of Ten Oaks or TOG FAS Holdings rather than in his role as USLS's Executive Chairman. Plaintiffs' failure to address this argument, or the case law Defendants cited, including *In re Consolidated Bedding*, 432 B.R. 115 (Bankr. D. Del. 2010) (*see* D.I. 6, at 9-10), further highlights the deficiency of their claims.

4

Plaintiffs' allegation that "if it wasn't Lovrovich that made the decision to kill US Logistics, it must have been someone else at Ten Oaks" rests on an incorrect factual assumption, which is impermissible under the law. Not every word in the Complaint must be accepted as true. Only "well-pleaded facts" are presumed true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). However, nothing in the Complaint supports Plaintiffs' claim that an unspecified "someone else at Ten Oaks" made the decision to close USLS. Plaintiffs' pure conjecture as to who made the decision to close USLS is insufficient to satisfy their pleading burdens.

Notably, Plaintiffs concede the existence of USLS officers while also alleging, incongruously, that all decisions were made by Ten Oaks. This inconsistency underscores the lack of well-pleaded factual support for their claims. The Court is under no obligation to give deference to these completely implausible allegations. *See Fowler*, 578 F.3d at 210 ("[A] plaintiff must show that the allegations of his or her complaints are plausible.").

c.  **Plaintiffs Cannot Add New Facts or Documents Outside the Complaint.**

Plaintiffs improperly attempt to bolster their claims by introducing new facts and attaching extrinsic documents that were not included in their Complaint. This is procedurally improper and contrary to established law. A motion to dismiss is limited to the pleadings and materials subject to judicial notice. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

For example, Plaintiffs rely on a LinkedIn post by the USLS President and other extrinsic materials that cannot be considered at this stage. These materials are not properly before the Court and do not cure the deficiencies in Plaintiffs' pleading. In contrast, Defendants have attached only publicly filed and sworn documents, such as the bankruptcy petition, which are appropriate for

5

judicial notice. Plaintiffs cannot use extrinsic evidence to rewrite their deficient Complaint or circumvent the Rule 12(b)(6) standard.

Even if the Court could consider Plaintiffs' extrinsic evidence,[2] it would not establish that Defendants are a single employer with USLS. The LinkedIn post by USLS's former president—cited by Plaintiffs—merely states that USLS's "private ownership made a decision to close our doors." (D.I. 12 at Ex. 1). It neither identifies Ten Oaks Management nor TOG FAS Holdings as the referenced "private ownership." Even assuming the statement is true (which the Court need not do), Ten Oaks Management does not, and has never, owned USLS. Thus, either the former president is unaware of USLS's ownership, or Ten Oaks Management did not decide to close USLS. Neither circumstance provides a basis to deny Defendants' motion.

### d. Plaintiffs Fail to Rebut the Need for Bifurcated, Expedited Discovery.

Plaintiffs' opposition to bifurcated discovery fails to acknowledge that the threshold "single employer" issue must be resolved before proceeding with the broader merits of the WARN Act claims. Bifurcating discovery to address this issue first would streamline the case and conserve judicial resources. Plaintiffs argue that such a bifurcated approach would cause unnecessary delay, but they fail to demonstrate any harm that would outweigh the benefits of resolving this threshold matter early.

Plaintiffs' insufficient pleading essentially proves that they do not have the necessary evidence to proceed with their claims against Defendants. If Plaintiffs are confident that Defendants and USLS are a single employer, they should welcome expedited discovery to resolve this critical issue as swiftly as possible. Such targeted discovery would not be duplicative of any

---

[2] Plaintiffs' attachment of extrinsic evidence is not only procedurally improper, but its substance is also inadmissible hearsay not subject to any hearsay exception.

subsequent discovery should this matter survive summary judgment on the "single employer" issue. On the contrary, addressing this threshold issue early would expedite the entire litigation process, potentially encouraging early settlement once the "single employer" question is resolved.

Typically, it is Plaintiffs who seek expedited discovery, especially when they believe their claims are strong. However, Plaintiffs' resistance to expedited discovery here is telling. It strongly suggests that they are embarking on a broader fishing expedition in the hopes of finding sufficient evidence to bolster their claims. Such an approach is inconsistent with the standard practice of addressing the most critical issues early in the case, and it raises suspicions that Plaintiffs are trying to gather evidence to shore up a weak case rather than address the legal issues head-on.

Plaintiffs also misstate the scope of the relevant discovery issues. Plaintiffs state on page 13 of their opposition that WARN discovery is generally about two things: "(1) the composition of the workforce—i.e., things such as the number and identities of people employed at the various facilities, the dates that they were laid off or terminated, and what their wages and benefits were; and (2) what happened, culminating in the plant closing or mass layoff—how the company came to be in distress, and how the decision was made to have a shutdown or mass layoff." (D.I. 12 at 13). While this may be true in many cases, the key threshold issue in this case is the "single employer" question—whether Defendants (Ten Oaks and TOG FAS Holdings) are properly considered a single employer with USLS. This issue is separate from the broader WARN liability inquiry, which focuses on the closure and layoffs.

Plaintiffs misunderstand the separability of these issues. The question of whether Ten Oaks and TOG FAS Holdings are single employers is distinct from the question of whether WARN liability can be imposed on any entity. As noted above, if the Court finds that Ten Oaks and TOG

7

FAS Holdings are not single employers, Plaintiffs' claims against them will fail, and Plaintiffs' claims would be limited to USLS.

Plaintiffs argue that the second topic—"what happened that culminated in the plant closing or mass layoff"—is inseparable from the "single employer" question because it involves the *de facto* control exercised by Defendants. Plaintiffs are wrong on this point. The two issues—whether Ten Oaks and TOG FAS Holdings are single employers (and covered by WARN) and whether WARN was violated—are legally separate and distinct. The first issue concerns the threshold question of Defendants' legal status as employers under WARN. The second issue concerns whether WARN's notice requirements were triggered by the plant closure and layoffs. These are not the same questions, and they can be addressed through different discovery processes.

Plaintiffs also contend, inexplicably, that it would be "unworkable" to have a "first" deposition of Mr. Lovrovich solely focused on the "single employer" issue while excluding questions related to the plant closing and layoffs. However, Plaintiffs' arguments overlook the inefficiency and waste created by proceeding with discovery on WARN liability while the unresolved, and unlikely-to-succeed, "single employer" issue remains open. If Ten Oaks and TOG FAS Holdings are not properly deemed employers under WARN, Plaintiffs' claims against them should be dismissed outright. In this case, focusing on expedited discovery of the single employer issue first is a more effective and efficient approach, allowing the case either to proceed organically or to be dismissed expeditiously. Clearly, the first discovery inquiry should be whether Ten Oaks and TOG FAS Holdings are single employers with USLS under WARN. Any depositions or discovery on WARN liability should follow only if the threshold "single employer" issue is resolved in Plaintiffs' favor.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice. Alternatively, Defendants request that the Court order bifurcated, expedited discovery to resolve the "single employer" issue as a threshold matter.

Dated: January 13, 2025

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Paul S. Seward*
Paul S. Seward (#6381)
222 Delaware Avenue
Suite 700
Wilmington, DE 19801
Tel: (302) 574-7406
pseward@eckertseamans.com

-and-

**BRACEWELL LLP**
Kelly Robreno Koster*
Deryck R. Van Alstyne*
711 Louisiana Street
Suite 2300
Houston, TX  77002-2770
Tel: (713) 221-1362
kelly.koster@bracewell.com
deryck.vanalstyne@bracewell.com

**Admitted pro hac vice*

*ATTORNEYS FOR DEFENDANTS TEN OAKS MANAGEMENT, LLC AND TOG FAS HOLDINGS LLC*