IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT MUNRO and CHARLES MILLER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEN OAKS MANAGEMENT, LLC and TOG FAS HOLDINGS LLC,<br><br>Defendants. | Civil Action No. 24-1041-GBW |

---

James E. Huggett, MARGOLIS EDELSTEIN, Wilmington, DE; Mary E. Olsen, M. Vance McCrary, THE GARDNER FIRM, P.C., Mobile, Alabama; Stuart J. Miller, Johnathan Miller, LANKENAU & MILLER, LLP, New York, NY.

    *Counsel for Plaintiffs*

Paul S. Seward, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, DE; Kelly Robreno Koster, Deryck Van Alstyne, BRACEWELL LLP, Houston, Texas.

    *Counsel for Defendants*

**MEMORANDUM OPINION**

April 16, 2025
Wilmington, Delaware

_[signature]_
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (D.I. 19), which has been fully briefed (D.I. 20; D.I. 21; D.I. 22).[1] For the following reasons, the Court denies Defendants' motion. Since the Court was able to resolve Defendants' motion without oral argument, the Court also denies Defendants' Application for Oral Argument (D.I. 23) as moot.

## I.   SUMMARY OF FACTS

The following are factual allegations from Plaintiffs' First Amended Class Action Complaint and Demand for Jury Trial ("Amended Complaint") (D.I. 18) and are taken as true for the purpose of Defendants' motion.

Mr. Munro worked at the Ellenwood, Georgia facility of US Logistics Solutions Inc. ("USLS"). D.I. 18 ¶¶ 5, 9.[2] Mr. Miller worked at the Humble, Texas facility of USLS. D.I. 18 ¶¶ 5, 10. USLS is 100% owned, either directly or indirectly, by TFH. D.I. 18 ¶ 28(e). In turn, TFH is 100% owned, either directly or indirectly, by TOM. D.I. 18 ¶ 28(f).

On June 20, 2024, Mr. Lovrovich (the Executive Operating Partner at Ten Oaks) conducted two conference calls — the first with USLS upper management and the second with USLS terminal managers — to announce the closure of USLS. D.I. 18 ¶ 28(h), (s). On or about June 20, 2024,

---

[1] The lead plaintiffs in this putative class action are Robert Munro ("Mr. Munro") and Charles Miller ("Mr. Miller") (together, "Plaintiffs"). The defendants are Ten Oaks Management, LLC ("TOM" or "Ten Oaks") and TOG FAS Holdings LLC ("TFH" or "Holdings") (together, "Defendants" or "Ten Oaks Entities").

[2] Plaintiffs alleged that Mr. Munro worked at the *Atlanta*, Georgia facility in their original complaint. D.I. 1 ¶ 9.

USLS terminated Plaintiffs without providing notice of termination sixty days prior to termination. D.I. 18 ¶¶ 9-10, 34. On or about the same day or thereafter, USLS terminated approximately 2,000 additional employees from various USLS facilities, again without providing notice of termination sixty days prior to termination. D.I. 18 ¶¶ 12, 34; *see* D.I. 18 ¶ 5 (listing, upon information and belief, all of the USLS facilities). Plaintiffs, along with the additional terminated employees, constitute the putative class. On June 21, 2024, Mr. Lovrovich filed a Chapter 7 bankruptcy petition on behalf of USLS. D.I. 18 ¶ 28(t).

## II. PROCEDURAL HISTORY

On September 16, 2024, Plaintiffs filed their Class Action Complaint and Demand for Jury Trial ("Original Complaint") in this Court. D.I. 1. Therein, Plaintiffs alleged the single cause of action that Defendants violated the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act") by failing to provide the putative class members with notice of their individual terminations at least sixty days prior to termination. D.I. 1 ¶ 1.

On November 25, 2024, Defendants filed their Motion to Dismiss or, in the Alternative, for Bifurcated, Expedited Discovery ("Original Motion to Dismiss"). D.I. 5. In their memorandum in support of their Original Motion to Dismiss, Defendants contended that Plaintiffs could not recover against Defendants since (1) USLS, and not Defendants, terminated the putative class members, and (2) Plaintiffs had failed to sufficiently allege that USLS and Defendants constituted a "single employer" for the purpose of the WARN Act. D.I. 6 at 3-15. Defendants also contended that Plaintiffs fail to sufficiently allege various additional requirements of the WARN Act including, for example, the number of employees terminated and the location(s) of the facilities at issue. D.I. 6 at 15-18. In the alternative, Defendants requested expedited and bifurcated discovery on the "single employer liability" issue. D.I. 6 at 18-19. Plaintiffs opposed

each of Defendants' grounds for dismissal and Defendants' alternative request for expedited and bifurcated discovery. D.I. 12.

On February 13, 2025, this Court entered a Memorandum Opinion holding that, as a matter of law, "Plaintiffs sufficiently allege[d] that USLS and Defendants are a single employer for the purpose of the WARN Act," but that Plaintiffs failed "to allege other requirements of the WARN Act." D.I. 16 at 6. Accordingly, the Court dismissed the Original Complaint and denied-as-moot "Defendants' alternative request for bifurcated and expedited discovery on the single employer liability issue." D.I. 16 at 6, 20. The Court instructed that Plaintiffs could file an amended complaint by no later than fourteen days after the entry of the Court's corresponding Order. D.I. 17.

On February 27, 2025, Plaintiffs timely filed their Amended Complaint. D.I. 18. Like the Original Complaint, the Amended Complaint alleges the single cause of action that Defendants violated the WARN Act by failing to provide the putative class members with notice of their individual terminations at least sixty days prior to termination. D.I. 18. The Amended Complaint also contains various new allegations (e.g., the Amended Complaint alleges each of the USLS facilities in which terminations without notice occurred), presumably in attempt of curing the deficiencies in the Original Complaint that this Court identified on February 13, 2025. *See* D.I. 18.

On March 13, 2025, Defendants filed the motion at issue here, i.e., Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Successive Motion to Dismiss"). D.I. 19. In their opening brief in support of their Successive Motion to Dismiss, Defendants do not re-raise any of the grounds for dismissal that Defendants had raised in their Original Motion to Dismiss. Instead, Defendants now argue (for the first time) that Defendants were "liquidating

4

fiduciaries" at all relevant times pertaining to their alleged obligations under the WARN Act and, therefore, that Defendants are not subject to the WARN Act. D.I. 20 at 3.[3] Plaintiffs, in contrast, disagree that Defendants were exempt from the WARN Act obligations pursuant to the liquidating fiduciaries defense. D.I. 21.

## III. JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5). Since the legal standard for a Rule 12(b)(6) motion to dismiss is not pertinent to this Memorandum Opinion, the Court excludes discussion of it.

## IV. DISCUSSION

Herein, the Court addresses a threshold procedural issue not thoroughly examined by the parties. Rule 12(g)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see Hahn v. Jetblue Airways Corp.*, 738 F. Supp. 3d 229, 254 (E.D.N.Y. 2024) (sua sponte considering whether defendant violated Rule 12(g)(2)).

In this action, Defendants filed "a motion under [Rule 12]" (i.e., their Original Motion to Dismiss) that "omitted" the liquidating fiduciaries defense that now appears in Defendants'

---

[3] Under the liquidating fiduciaries defense, "once an entity that is winding down has stopped running its business but is merely in the process of liquidating, it is no longer an employer [for the purpose of the WARN Act], but is instead a liquidating fiduciary." *In re Yellow Corp.*, No. 23-11069-CTG, 2025 WL 657567, at *7 (Bankr. D. Del. Feb. 26, 2025); *accord In re United Healthcare Sys.*, 200 F.3d 170, 178 (3d Cir. 1999) (explaining that "whether a bankrupt entity is an 'employer' under the WARN Act depends on the nature and extent of the entity's business and commercial activities while in bankruptcy, and not merely on whether the entity's employees continue to work 'on a daily basis'").

5

Successive Motion to Dismiss. The exceptions in Rule 12(h)(2) and (3) do not apply[4] and the defense was available to Defendants when they filed their Original Motion to Dismiss.[5] Therefore, the liquidating fiduciaries defense in Defendants' Successive Motion to Dismiss violates Rule 12(g)(2). *See Sunoco Partners Mktg. Terminals L.P. v. Powder Springs Logistics, LLC*, No. 17-cv-1390-LPS-CJB, 2019 U.S. Dist. LEXIS 136738, at *7-8 (D. Del. Aug. 7, 2019) ("According to Plaintiff, because Defendants' first motion to dismiss failed to argue that Plaintiff's willful infringement allegations regarding the original patents-in-suit were insufficiently pleaded—even though that defense was then available to Defendants—Rule 12(g)(2) requires denial of the Motion as to those willful infringement claims that were later again contained in the FAC (and now, again in the SAC). Plaintiff is correct. When Defendants filed the first motion to dismiss, they had every

---

[4] Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). The exception is not applicable here since Defendants raised the liquidating fiduciaries defense in a Rule 12(b) motion rather than in a Rule 7(a) pleading, a Rule 12(c) motion, or at trial. Moreover, Rule 12(h)(3) is not applicable here because Rule 12(h)(3) regards the Court's determination that the Court "lacks subject-matter jurisdiction" and Defendants' Successive Motion to Dismiss and the Court's analysis herein does not regard subject-matter jurisdiction.

[5] The U.S. Court of Appeals for the Third Circuit entered its seminal decision on the liquidating fiduciaries defense on December 29, 1999. *See In re United Healthcare Sys.*, 200 F.3d 170, 178. The legal theory for Defendants' liquidating fiduciaries defense was therefore available long before Defendants filed their Original Motion to Dismiss on November 25, 2024. D.I. 5. That the U.S. Bankruptcy Court for the District of Delaware entered summary judgment and trial opinions applying the liquidating fiduciaries defense "after" Defendants filed their Original Motion to Dismiss (*see* D.I. 20 at 2) does not mean that the liquidating fiduciaries defense was automatically unavailable to Defendants when they filed their Original Motion to Dismiss. In addition, the factual basis supporting the liquidating fiduciaries defense was likewise available when Defendants filed their Original Motion to Dismiss, including because the relevant facts concern whether Defendants constituted liquidating fiduciaries at the relevant times under the WARN Act, facts of which occurred prior to the Original Motion to Dismiss and of which were in the possession of Defendants.

opportunity to argue that Plaintiff's willful infringement allegations in the Complaint were wanting. But, for whatever reason, they did not. And with the filing of the FAC and the SAC, Plaintiff made those same willful infringement allegations again as to the two patents-at-issue. Thus, pursuant to Rule 12(g)(2), Defendants should not be allowed to raise this previously-available argument in a subsequent Rule 12(b)(6) motion." (citation omitted)).

While a "district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless," such decision still constitutes "error." *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015). As such, the Third Circuit has "emphasize[d] that district courts should enforce Rule 12(g)(2) even if their failure to do so is not a ground for reversal." *Id.* at 322 n.5; *see id.* (explaining: "Although some courts and commentators believe that allowing successive pre-answer motions to dismiss avoids delay, this seems to us like short-term thinking. In any given case, requiring a defendant to file an answer and then a Rule 12(c) motion will take more time than allowing it to file a successive pre-answer Rule 12(b)(6) motion. But over the long term, stringent application of Rule 12(g)(2) may motivate defendants to consolidate their arguments in a single pre-answer motion, especially if they know that the district court will not stay discovery while a post-answer Rule 12(c) motion is pending. Granted, the logic of deterrence could also support enforcing Rule 12(g)(2) on appeal. The length of the appellate process, however, increases the costs of enforcement and suggests that the balance should be struck differently."); *see also State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab. Ctr., P.A.*, No. 18-1806-MN-SRF, 2021 WL 1929365, at *4 (D. Del. May 13, 2021) ("The court is obligated to enforce Rule 12(g)(2), and failure to do so is error."), *report and recommendation adopted*, No. 18-cv-1806-MN-SRF, 2021 WL 2212295 (D. Del. June 1, 2021); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed. 2019) ("The filing of an amended complaint will not revive

the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of pleading[.]").

Ultimately, the "Court does not want to commit error, nor does it want to disregard the Third Circuit's guidance, even for the sake of [potential] expediency." *See Sunoco Partners*, 2019 U.S. Dist. LEXIS 136738, at *7-8. Therefore, the Court will follow the Third Circuit's guidance and deny Defendants' Successive Motion to Dismiss pursuant to Rule 12(g)(2) of the Federal Rules of Civil Procedure.

## V.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (D.I. 19) is denied and Defendants' corresponding Request for Oral Argument (D.I. 23) is denied-as-moot. An Order consistent with this Memorandum Opinion will be entered.