# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT MUNRO and CHARLES MILLER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TEN OAKS MANAGEMENT, LLC and TOG FAS HOLDINGS LLC, <br><br> Defendants. | ) ) ) ) ) C.A. No. 1:24-cv-01041 GBW ) ) ) ) ) JURY TRIAL ) DEMANDED ) ) ) ) |

## DEFENDANTS' ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT

Defendants, Ten Oaks Management, LLC ("Ten Oaks Management" or "TOM") and TOG FAS Holdings LLC ("Holdings") (collectively, "Defendants"), respond to the First Amended Class Action Complaint ("Complaint") filed by Plaintiffs Robert Munro and Charles Miller (collectively, "Plaintiffs").

## NATURE OF THE ACTION[1]

1. Defendants admit that Plaintiffs purport to bring a class action against Defendants alleging violations of the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 201 *et seq*. ("WARN"). Defendants deny any remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

---

[1] The headings in this answer are a mirror of Plaintiffs' headings for convenience and should not be construed as an admission or waiver of any of the allegations in Plaintiffs' Complaint.

3. The allegations in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendants lack information sufficient to respond to the allegations in Paragraph 4 of the Complaint. To the extent a response is required, the allegations in Paragraph 4 of the Complaint are denied.

5. Defendants lack information sufficient to respond to the allegations in Paragraph 5 of the Complaint. To the extent a response is required, the allegations in Paragraph 5 of the Complaint are denied.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

13. The allegations in Paragraph 13 of the Complaint do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that they did not pay Plaintiffs and the other alleged WARN class members the pay and benefits contributions alleged but deny that Plaintiffs have not received all compensation to which they are entitled. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

### CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

18. The allegations in Paragraph 18 do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants lack information sufficient to respond to the allegations in Paragraph 23 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25(a)-(e) of the Complaint.

### CAUSE OF ACTION & CLAIM FOR RELIEF: VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et. seq.*

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

### SINGLE EMPLOYER ALLEGATIONS

28. Defendants deny the allegations in Paragraph 28 of the Complaint, including any allegations not specifically addressed in subparts (a)-(w) herein.

**Common Ownership**

    a. Defendants admit the allegations in Paragraph 28(a) of the Complaint.

    b. Defendants deny the allegations in Paragraph 28(b) of the Complaint.

    c. Defendants deny the allegations in Paragraph 28(c) of the Complaint.

    d. Defendants deny the allegations in Paragraph 28(d) of the Complaint.

    e. Defendants admit the allegations in Paragraph 28(e) of the Complaint.

    f. Defendants deny the allegations in Paragraph 28(f) of the Complaint.

**Common Officers and Directions**

    g. Defendants deny the allegations in Paragraph 28(g) of the Complaint.

    h. Defendants admit the allegations in Paragraph 28(h) of the Complaint.

    i. Defendants deny the allegations in Paragraph 28(i) of the Complaint.

**Dependency of Operations**

    j. Defendants deny the allegations in Paragraph 28(j) of the Complaint.

    k. Defendants deny the allegations in Paragraph 28(k) of the Complaint.

    l. Defendants deny the allegations in Paragraph 28(l) of the Complaint.

    m. Defendants deny the allegations in Paragraph 28(m) of the Complaint.

**Unity of Personnel Policies**

    n. Defendants deny the allegations in Paragraph 28(n) of the Complaint.

    o. Defendants deny the allegations in Paragraph 28(o) of the Complaint.

    p. Defendants deny the allegations in Paragraph 28(p) of the Complaint.

    q. Defendants deny the allegations in Paragraph 28(q) of the Complaint.

**De Facto Control**

    r. Defendants deny the allegations in Paragraph 28(r) of the Complaint.

    s. Defendants admit only that Lovrovich communicated the closure of USLS to certain employees. Defendants deny the remaining allegations in Paragraph 28(s) of the Complaint.

    t. Defendants deny the allegations in Paragraph 28(t) of the Complaint.

    u. Defendants lack information sufficient to respond to the allegations in Paragraph 28(u) of the Complaint. To the extent a response is required, the allegations in Paragraph 28(u) of the Complaint are denied.

    v. Defendants lack information sufficient to respond to the allegations in Paragraph 28(v) regarding Eric Culberson's alleged LinkedIn post. Defendants deny the remaining allegations in Paragraph 28(v) of the Complaint and specifically deny that Defendants ordered the closure of USLS.

    w. Defendants deny the allegations in Paragraph 28(w) of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

## JURY DEMAND

37. Paragraph 37 contains a jury demand to which no substantive response is requested. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' claims with prejudice and award Defendants such other and further relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pleading further, and in the alternative as necessary, Defendants assert the following defenses and affirmative defenses.

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, force majeure, and accord and satisfaction.

3. Defendants were not an "employer" or a "single employer" of the Plaintiffs and/or the putative class under the WARN Act.

4. Any damages ultimately proven to have been sustained by Plaintiffs and/or the putative class that were proximately caused by the actions or conduct of others over whom Defendants exerted no control and for whose conduct Defendants are not liable must be accordingly limited or barred.

5. Plaintiffs' claims are barred by the faltering company exception to the WARN Act.

6. Plaintiffs' claims are barred by the unforeseen business circumstances exception to the WARN Act.

7. Without conceding Plaintiffs' burden to prove USLS was an "employer" under the WARN Act at all relevant times, USLS was a liquidating fiduciary at the time it terminated its employees. Accordingly, Plaintiffs' claims are barred by the liquidating fiduciary exception to the WARN Act.

8. Defendants complied, or sought in good faith to comply, with all obligations under law and had reasonable grounds for believing that its alleged acts and omissions were not a violation of the WARN Act.

9. The putative class includes employees who were otherwise excluded from the WARN Act notification requirement, thus prohibiting them from recovering under the WARN Act.

10. Plaintiffs' damages, if any, are limited to wages and benefits for working days during the 60 calendar-day violation period.

11. The putative class includes employees who were employed at USLS sites that lacked the requisite headcount to be covered by the WARN Act.

12. The putative class includes part-time employees who are not covered by the WARN Act.

13. The putative class includes short-term employees who are not covered by the WARN Act.

14. Defendants reserve the right to amend or assert additional affirmative defenses as they become evident through further discovery and/or investigation.

        Respectfully submitted,

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

        */s/ Paul S. Seward*
        PAUL S. SEWARD (#6381)
        222 Delaware Avenue
        Suite 700
        Wilmington, DE 19801
        Tele: (302) 574-7406

                *-and-*

        **BRACEWELL LLP**
        KELLY ROBRENO KOSTER*
        DERYCK R. VAN ALSTYNE*
        711 Louisiana Street
        Suite 2300
        Houston, TX  77002-2770
        *Admitted Pro Hac Vice*

        **ATTORNEYS FOR DEFENDANTS TEN OAKS MANAGEMENT LLC AND TOG FAS HOLDINGS LLC**

Dated: <u>April 30, 2025</u>