# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT MUNRO and CHARLES MILLER on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| | ) | C.A. No. 24-cv-01041-GBW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | JURY TRIAL OF TWELVE |
| TEN OAKS MANAGEMENT, LLC and TOG FAS HOLDINGS LLC, | ) ) ) | DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS .................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF THE ARGUMENT ........................................................................................1

STATEMENT OF FACTS .....................................................................................................2

ARGUMENT ......................................................................................................................3

   A.  STANDARD OF REVIEW ........................................................................................3

   B.  PLAINTIFFS' ALLEGATIONS ESTABLISH THAT USLS WAS NOT A COVERED "EMPLOYER" UNDER THE WARN ACT ................................................4

      i.  THE WARN ACT APPLIES ONLY TO "ONGOING BUSINESS ENTERPRISES" ..............................................................................................4

      ii.  DEFENDANTS WERE "LIQUIDATING FIDUCIARIES," NOT "COVER EMPLOYERS" WHEN THEY ALLEGEDLY ORDERED THE LAYOFFS ..................................................................................................6

   C.  AMENDMENT WOULD BE FUTILE AND SHOULD BE DENIED UNDER RULE 15 ..............................................................................................................8

   D.  ALTERNATIVELY, THE COURT SHOULD STAY THIS CASE PENDING FINAL RESOLUTION OF THE *YELLOW CORP.* APPEAL .....................8

CONCLUSION ...................................................................................................................9

# **TABLE OF CITATIONS**

**CASES**                                             **PAGE**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 3

*Atiyeh v. Nat'l Fire Ins. Co of Hartford*,
   742 F. Supp. 2d 591 (E.D. Pa. 2010) ........................................................................... 3

*Bell v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 3

*Doe v. Archdiocese of Philadelphia*,
   No. CV 20-3024, 2021 WL 796142 (E.D. Pa. Mar. 2, 3021) ...................................... 3

*Gasoline Sales, Inc. v. Aero Oil Co.*,
   39 F.3d 70 (3d Cir. 1994) ............................................................................................ 8

*In re Century City Drs. Hosp., LLC*,
   No. ADV.LA 09-01101-SB, 2010 WL 6452903 (B.A.P. 9th Cir. Oct. 29, 2010) ........ 5

*In re Start Man Furniture, LLC*,
   647 B.R. 116 (D. Del. 2002) .................................................................................... 5, 6

*In re United Healthcare*,
   200 F.3d 170 (3d Cr. 1999) ................................................................................. passim

*In re US Logistics Solutions Inc.*,
   No. 24-32884 (Bankr. S.D. Tex. 2024) ........................................................................ 3

*In re Yellow Corp.*,
   No. 23-11069-CTG, 2025 WL 657567 (Bankr. D.Del. Feb. 26, 2025) ................ passim

*In re World Mktg. Chi., LLC*,
   564 B.R. 587 (Bankr. N.D. Ill. 2017) .......................................................................... 6

*Int'l Brotherhood of Teamsters v. Yellow Corp.*,
   Civ. Action No. 25-cv-0307 JLH ................................................................................ 5

*Landis v. North American Co.*,
   299 U.S. 248 (1936) .................................................................................................... 9

*Law v. Am. Cap. Strategies, Ltd.*,
   2007 WL 221671 (M.D. Tenn. Jan. 26, 2007) ............................................................ 6

*Shane v. Fauver*,
   213 F.3d 113 (3d Cir. 2000) .................................................................................................8

*Wallce ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*,
   752 A.2d 1175 (Del. Ch. 1999) .........................................................................................3, 4

## **STATUTES AND COURT RULES**

29 U.S.C. § 2101(a)(1) ....................................................................................................................4

Delaware Chancery Court Rule 12 (c) ............................................................................................4

Federal Rule of Civil Procedure 12(b) ............................................................................................3

Federal Rule of Civil Procedure 12(c) .....................................................................................1, 3, 4

WARN Act ..............................................................................................................................*passim*

## **OTHER AUTHORITIES**

*Delaware Trial Handbook §* 23:2 (2023) ........................................................................................4

Defendants Ten Oaks Management, LLC ("Ten Oaks Management" or "TOM") and TOG FAS Holdings LLC ("Holdings") (collectively, "Defendants") hereby submit this brief in support of their Motion for Judgment on the Pleadings ("Motion") filed contemporaneously herewith, pursuant to Federal Rule of Civil Procedure 12(c) for the failure of Plaintiffs Robert Munro ("Mr. Munro") and Charles Miller ("Mr. Miller") (collectively, "Plaintiffs") to state a claim upon which relief may be granted.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed this class action under the WARN Act. [D.I. 1] Defendants moved to dismiss the initial Complaint for failure to adequately plead a single employer theory. [D.I. 6]. The Court granted that motion in part. [D.I. 17] Plaintiffs then filed an Amended Complaint. [D.I. 18]. Defendants moved to dismiss again, this time arguing that USLS, and by extension Defendants, were a "liquidating fiduciary" and not a "covered employer" under the WARN Act. [D.I. 19]. The Court denied that motion under Rule 12(g)(2), finding that the liquidating fiduciary argument was available at the time of the initial motion. [D.I. 25]. Defendants answered the Amended Complaint on April 30, 2025 [D.I. 26].

Because the pleadings are now closed and the Amended Complaint's allegations establish as a matter of law—under *In re United Healthcare* and as recently applied in *Yellow Corp*—that Defendants are not "covered employers" under the WARN Act, Defendants now move for judgment on the pleadings under Rule 12(c).

## II.    SUMMARY OF ARGUMENT

Plaintiffs assert a claim under the federal WARN Act based on the alleged failure to provide 60-days' notice prior to their layoffs by US Logistics Solutions Inc. ("USLS"). Plaintiffs allege that Defendants are a "single employer" with USLS. But the pleadings make clear that, as

1

of the date of the layoffs, USLS was no longer operating as a going concern—it had ceased delivering freight and was winding down operations. As previously recognized by this Honorable Court:

> Under the liquidating fiduciaries defense, "once an entity that is winding down has stopped running its business but is merely in the process of liquidating, it is no longer an employer [for the purpose of the WARN Act], but is instead a liquidating fiduciary." *In re Yellow Corp.,* No. 23-11069-CTG, 2025 WL 657567, at *7 (Bankr. D. Del. Feb. 26, 2025); *accord In re United Healthcare Sys.,* 200 F.3d 170, 178 (3d Cir. 1999) (explaining that "whether a bankrupt entity is an 'employer' under the WARN Act depends on the nature and extent of the entity's business and commercial activities while in bankruptcy, and not merely on whether the entity's employees continue to work 'on a daily basis'").

[D.I. 24 at 5 n.3].

As pleaded in the Amended Complaint, "Defendants, as a single employer" announced an "immediate closure," ordered the layoffs, and filed for Chapter 7 liquidation in quick succession. [D.I. 18 ¶ 29]. However, because USLS was no longer an "employer" at the time of the layoffs, Plaintiffs cannot state a claim under the WARN Act. The pleadings establish that Plaintiffs' WARN claim fails as a matter of law, and judgment on the pleadings is warranted.

### III.   STATEMENT OF FACTS

Plaintiffs' Amended Complaint alleges as follows: Mr. Munro worked at the Atlanta, Georgia facility of USLS, and Mr. Miller worked at the Humble, Texas facility of USLS. [D.I. 18 ¶¶ 9, 10]. On June 20, 2024, USLS conducted two conference calls – the first with USLS upper management and the second with USLS terminal managers – "to announce the immediate closure of USLS." [*Id*. ¶ 28(s)]. After announcing the "immediate closure" of USLS, "Defendants, as a single employer, ordered a Mass Layoff and/or a Plant Closing of the Facilities." [*Id*. ¶ 29]. The order for USLS to "close [its] doors" was such an "abrupt decision" that USLS's President Eric

Culberson "did not [receive] the chance to thank [his] team for their commitment and support to [USLS's] customers and to each other." [*Id.* ¶ 28(v)].

The following day, on June 21, 2024, USLS filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. [*Id.* ¶ 28(t)]. *See also* Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re US Logistics Solutions Inc.*, No. 24-32884 (Bankr. S.D. Tex. 2024) (the "Bankruptcy Case").

## IV. ARGUMENT

### A. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6) and should be granted when the pleadings reveal no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Atiyeh v. Nat'l Fire Ins. Co. of Hartford,* 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).

To avoid judgment on the pleadings, the non-moving party must plead facts that establish a plausible entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A claim is plausible only where the factual content of the complaint permits the court to draw a reasonable inference of liability—not where the allegations are speculative, implausible, or merely consistent with wrongdoing. *Id.* If the allegations fail to nudge the claim "across the line from conceivable to plausible," dismissal is warranted. *Bell v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, judgment under Rule 12(c) may be granted where the allegations affirmatively establish a legal bar to recovery, such as a dispositive defense apparent from the face of the pleadings or attached documents properly before the court. *See Doe v. Archdiocese of Philadelphia,* No. CV 20-3024, 2021 WL 796142, at *3 (E.D. Pa. Mar. 2, 2021); *Wallace ex rel.*

*Cencom Cable Income Partners II, Inc., L.P. v. Wood,* 752 A.2d 1175, 1179–80 (Del. Ch. 1999)[1] ("To award judgment on the pleadings in favor of the defendants, [the Court] must find that plaintiffs have either utterly failed to plead facts supporting an element of the claim or that under no reasonable interpretation of the facts alleged in the Complaint (including reasonable inferences) could plaintiff state a claim for which relief might be granted."); *Delaware Trial Handbook* § 23:2 (2023) ("A motion for judgment on the pleadings may be granted when the nonmovant could not succeed under any reasonable interpretation of the facts alleged.").

Accordingly, where the non-movant's allegations fail to set forth a legally viable claim, Rule 12(c) provides a mechanism for early and efficient dismissal of meritless claims without the need for discovery.

**B. Plaintiffs' Allegations Establish that USLS Was Not a Covered "Employer" under the WARN ACT.**

**i. The WARN Act Applies Only to "Ongoing Business Enterprises"**

The WARN Act applies only to an "employer," defined as a "business enterprise" with 100 or more employees. 29 U.S.C. § 2101(a)(1). As the Third Circuit explained in *In re United Healthcare*, an entity may stop being a "business enterprise"—and thus no longer qualify as an "employer" under the WARN Act—if it is no longer operating as an ongoing business and is instead liquidating its assets. 200 F.3d 170, 177 (3d Cir. 1999).

The more an entity functions like a going concern, the more likely it qualifies as an "employer." Conversely, if its activities resemble winding down operations, it's likely not subject to WARN. If the entity has stopped normal business operations and is focused solely on liquidation, it is no longer a "business enterprise" under the Act. *Id.* at 178–79. Although the Third Circuit didn't use the term, later courts have referred to this as the "liquidating fiduciary" limitation

---

[1] Delaware Chancery Court Rule 12(c) mirrors Federal Rule of Civil Procedure 12(c).

on the definition of "employer." See, e.g., *In re Start Man Furniture, LLC*, 647 B.R. 116, 128–29 (D. Del. 2022).

The line between being an employer (and covered by WARN) and a liquidating fiduciary (and not covered by WARN) was aptly summed up by the United States Bankruptcy Court for the District of Delaware in the recent trial opinion in *Yellow Corp.*:

> [I]n the usual case, a defendant will remain a "business enterprise" so long as it is conducting the revenue-generating activity on which its business was premised. When that work is complete, it becomes a liquidating fiduciary even if there is remaining work for the employees to do in connection with the company's liquidation.

*In re Yellow Corp.*, 2025 WL 657567, at *9 (Bankr. D. Del. Feb. 26, 2025)[2]. As applied to a trucking company like USLS, a defendant becomes a liquidating fiduciary (and thus is no longer an "employer" covered by the WARN Act) as a matter of law after it has completed delivery of its last shipment. *See id.*, 2025 WL 657567, at *9.

Plaintiffs bear the burden of pleading and proving that Defendants were "employers" under the WARN Act at the time of the terminations. *See Yellow Corp.*, 2025 WL 657567, at *7 n.90 ("the plaintiff bears the burden of proving up facts that satisfy the element"); *id.* at *12 n.142 (plaintiffs acknowledged they bear the burden on the liquidating fiduciary issue). Unlike statutory defenses such as the "faltering company" or "unforeseeable business circumstances," establishing that the defendant qualifies as an "employer" is a core element of a WARN Act claim.[3]

---

[2] *In re Yellow Corp.* is currently on appeal from the Bankruptcy Court to the District Court in the action styled *Int'l Brotherhood of Teamsters v. Yellow Corp.*, Civ. Action No. 25-cv-0307-JLH.
[3] *See also In re Start Man Furniture, LLC,* 647 B.R. 116, 128-134 (D. Del. 2022) (analyzing application of "liquidating fiduciary" in the context of discussing what the plaintiff needs to prove to show a WARN Act violation)*; In re Century City Drs. Hosp., LLC*, No. ADV.LA 09-01101-SB, 2010 WL 6452903, at *8 (B.A.P. 9th Cir. Oct. 29, 2010) ("We disagree with Plaintiffs' characterization of the liquidating fiduciary exception as an affirmative defense. Plaintiffs cite no authority to support their characterization nor are we aware of any. More importantly, the WARN Act's notice requirement, on its face, only applies to employers. **The so-called "liquidating fiduciary exception" merely reflects a limitation on the statutory definition of employer.** The bankruptcy court properly considered employer status as a required element that had to be properly alleged to state a viable claim for relief under the WARN Act.") (emphasis added).

5

Importantly, whether an entity is an "employer" does not depend on whether it has filed for bankruptcy. Bankruptcy is neither required nor determinative under the test set out in *United Healthcare*. That decision, and others following it, make clear that a company can begin liquidating and cease being an "employer" even before filing for bankruptcy—if it is no longer operating as an ongoing business. As the bankruptcy court observed in *Yellow Corp.*, "companies can and commonly do wind down their affairs and liquidate outside of bankruptcy." 2024 WL 5181660, at *19.

Consistent with *United Healthcare*, the Department of Labor's regulations look to what the company is doing—not whether it is in bankruptcy—to determine WARN coverage. The key question is whether the business is still operating as a going concern or is preparing for liquidation. *United Healthcare*, 200 F.3d at 177, 179.[4]

### ii. Defendants Were "Liquidating Fiduciaries," Not "Covered Employers," When They Allegedly Ordered the Layoffs.

Accepting the allegations in Plaintiff's Amended Complaint as true for purposes of this Motion[5], Defendants do not qualify as an "employer" within the meaning of the WARN Act because USLS was operating as a liquidating fiduciary, not as an "ongoing business enterprise," at the time Plaintiffs and the putative class were terminated. Specifically, the Amended Complaint admits that USLS was no longer engaged in its usual business activity when it announced the

---

[4] See also *see In re Start Man*, 647 B.R. at 129 ("[A] liquidating company remains an 'employer' if the methods it uses to benefit creditors include[] the continuation of operations in the normal commercial sense."); *In re World Mktg. Chi., LLC*, 564 B.R. 587, 602-03 (Bankr. N.D. Ill. 2017) (debtor still an "employer" under WARN Act because it "acted in a manner inconsistent with liquidation"); *Law v. Am. Cap. Strategies, Ltd.*, 2007 WL 221671, at *15-17 (M.D. Tenn. Jan. 26, 2007) (acknowledging that "the Third Circuit framed the issue as whether United Healthcare was an 'employer' under the WARN Act" and "consider[ed] whether the entity was engaged in business during the time prior to" the layoffs).

[5] Defendants reserve the right to contest Plaintiffs' allegations, including that they were a "single employer" with USLS, should this matter proceed beyond this Motion.

"immediate closure" of USLS and terminated the Plaintiffs' (and the putative class's) employment. Therefore, USLS and Defendants are not a covered "employer" subject to the WARN Act.

The Amended Complaint alleges that USLS decided to lay off employees and communicated that decision on the same day. Specifically, on June 20, 2024, USLS held two conference calls—one with upper management and one with terminal managers—to announce the "immediate closure of USLS." [D.I. 18 ¶ 28(s)] (emphasis added). Immediately after that announcement, "Defendants, as a single employer, ordered a Mass Layoff and/or a Plant Closing of the Facilities." [Id. ¶ 29]. The next day, June 21, USLS filed for Chapter 7 bankruptcy. [Id. ¶ 28(t)].

Notably, the Amended Complaint does **not** allege that USLS knew in advance it would shut down and concealed that knowledge in an attempt to avoid WARN Act liability. That omission is fatal to Plaintiffs' claim, given their burden to show USLS was an "employer" at the time of the layoffs. In fact, Plaintiffs describe the shutdown as so abrupt that USLS's President, Eric Culberson, "did not [receive] the chance to thank [his] team for their commitment and support." [Id. ¶ 28(v)].

Without allegations that USLS had advance knowledge of its closure and concealed it, Plaintiffs cannot plausibly argue that USLS was still operating as a "business enterprise" rather than a company winding down. This is especially true given that the only activities the Amended Complaint describes around June 20 are the closure announcement, employee terminations, and the bankruptcy filing. There are no allegations—and none could be made—that USLS was still delivering shipments or conducting any revenue-generating operations at that time.[6]

---

[6] Notably, the bankruptcy docket itself is replete with requests for relief from the automatic stay alleging that USLS had ceased all operations as of its Chapter 7 filing. *See, e.g.*, Case 24-32884 Doc. 10 ¶ 6 ("On information and belief, at a minimum some of the truck yards are not being secured and monitored and those that may be are being secured or monitored by third parties who have been hired by other creditors or customers of the Debtor."); Case 24-32884

7

Accordingly, the Amended Complaint not only fails to show that USLS was engaged in its normal business activities when it laid off Plaintiffs, but affirmatively demonstrates that it had already ceased operations and become a liquidating fiduciary. See *United Healthcare*, 200 F.3d at 177; *In re Yellow Corp.*, 2025 WL 657567, at *7 n.90. For that reason, the WARN Act does not apply, and Defendants' Motion should be granted.

### C. Amendment Would Be Futile and Should Be Denied Under Rule 15

Even if the Court were inclined to dismiss without prejudice, Plaintiffs should not be permitted to amend their Complaint. Rule 15(a) does not require courts to grant leave to amend when amendment would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Futility exists where the amended complaint would still fail to state a claim upon which relief could be granted. *See Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994).

Here, the allegations in Plaintiffs' operative complaint are explicit and categorical: USLS ordered an "immediate closure" on June 20, 2024, with no suggestion that any operations—let alone freight deliveries—continued thereafter. The Chapter 7 bankruptcy petition was filed the next day. Because Plaintiffs have already admitted that the employer had ceased revenue-generating activity and entered liquidation, no additional allegations could plausibly transform USLS into an "employer" under the WARN Act.

### D. Alternatively, the Court Should Stay This Case Pending Final Resolution of the *Yellow Corp.* Appeal.

If the Court does not dismiss the Amended Complaint outright, it should stay this proceeding pending resolution of the appeal in *In re Yellow Corp.,* currently on review before the

---

Doc. 25 ("The Debtor is not operating and, upon information and belief … property on the Debtor's yards is not secure."); Case 24-32884 Document 27 ("Upon information and belief, the Debtor is not operating and does not have the means or intention to provide adequate protection to CATO to protect from the diminution of value of CATO's Property."); Case 24-32884 Document 41 ("The Debtor's failure to deliver the Shipments has caused and continues to cause Arrive to suffer losses.").

8

U.S. District Court for the District of Delaware in *Int'l Brotherhood of Teamsters v. Yellow Corp.*, Civ. Action No. 25-cv-0307-JLH (the "*Yellow Corp.* Appeal"). The *Yellow Corp.* Appeal presents a directly parallel WARN Act issue: whether a trucking company that has ceased operations is not liable under the WARN Act because it was not an "employer" when it ordered layoffs.

The WARN Act claim in this case turns on the very same question: whether USLS was still a "business enterprise" on June 20, 2024, or had ceased operations and become a liquidating fiduciary. Plaintiffs' own complaint admits that USLS had announced its "immediate closure" and immediately filed a bankruptcy—just as Yellow had done. The factual and legal parallels are striking.

Allowing this case to proceed now—despite the live *Yellow Corp.* Appeal—creates a serious risk of inconsistent precedent in this District. Both the *Yellow Corp.* Appeal and this case arise under the WARN Act, both involve shutdowns by large trucking companies, both involve mass layoffs triggered by final freight deliveries, and both are pending before courts in the District of Delaware. If one court were to allow a WARN claim to proceed against a liquidating freight company while another court finds such companies outside the statute's scope, litigants will face legal uncertainty, and judicial efficiency will suffer.

The Court has discretion to stay proceedings in the interests of consistency and judicial economy. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Given the procedural posture of both cases and their tight factual alignment, this Honorable Court should stay this matter pending a final ruling in the *Yellow Corp.* Appeal.

V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter judgment on the pleadings pursuant to Rule 12(c) and dismiss the Amended Complaint with prejudice.

9

Alternatively, the Court should stay this matter pending final resolution of the appeal in the *Yellow Corp.* Appeal.

Dated: July 3, 2025

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Paul S. Seward*
Paul S. Seward (#6381)
222 Delaware Avenue
Suite 700
Wilmington, DE 19801
Tel: (302) 574-7406
pseward@eckertseamans.com

-and-

**GREENBERG TRAURIG LLP**
Kelly Robreno Koster*
1000 Louisiana Street, Suite 6700
Houston, TX  77002-2770
Tel: (713) 221-1362
kelly.koster@gtlaw.com
**Admitted pro hac vice*

*ATTORNEYS FOR DEFENDANTS TEN OAKS MANAGEMENT, LLC AND TOG FAS HOLDINGS LLC*

10